## COMMONWEALTH *vs.* FRANKLIN M. MORRISON.

Upon an indictment under the *St.* of 1845, *c.* 27, for maliciously, and with intent to procure an abortion, causing a woman to take any medicine, it is not necessary to allege or prove the name of the medicine, or that it was noxious.

CHAPMAN, J. The language of the *St.* of 1845, *c.* 27, is very plain. Excluding those expressions which have no application to this case, it is as follows : " Whoever maliciously or without lawful justification, with intent to cause and procure the miscarriage of a woman then pregnant with child, shall advise her to take or swallow any poison, drug, medicine or noxious thing, if the woman shall not die in consequence thereof, shall be punished by imprisonment." This is the offence set forth in the second count of the indictment, on which count the defendant was found guilty.

It having appeared in evidence that the defendant procured for the woman described two phials of liquids and a box of pills, and advised her to take them for the purpose alleged, she being pregnant by him, his counsel requested the court to instruct the jury that the government must prove affirmatively that the liquids and pills were noxious things. We think the court rightly refused to give this instruction, because the statute does not require the existence of such a fact to constitute the offence. The only overt act that is required by its terms to be proved, in connection with the criminal intent, is the advice to her to take the medicine. It is not required that the government shall prove what the medicine was, or whether it was such as would tend to produce the effect intended, or whether it was actually taken by the woman. Nor was it necessary to produce evidence to prove that the grand jury did not know the name of the medicine; and the instruction given to the jury was right on that point.

It was urged in argument that by this construction of the statute a person may be punished for advising a woman to swallow an article as harmless as bread or water. This is indeed true; but if the party knows their quality, and that they have no tendency to produce the miscarriage, then the criminal intent cannot exist. He must believe they have some tendency to produce the desired result, otherwise it is impossible that his advice to the woman to take them should be with intent thus to produce it. If he has such a belief, it may well be that the legislature has thought fit to punish him for thus tampering with a woman's health and life, though he may be utterly mistaken as to the character and effect of the medicines. And if it were necessary for the government to prove the quality of the medicines, it might often be difficult to convict offenders who had used the most noxious drugs.

At any rate, the language of the act, from which we must ascertain what was intended, seems to us to bear no other construction than the one which we have given it.

*Judgment on the verdict.*

*G. A. Somerby*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.